1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR L. WEAVER,

        Plaintiff,

    v.

CHECKR INC.,

        Defendant.

No.  C 22-04135 WHA

**ORDER DISMISSING CASE**

**INTRODUCTION**

In this action under the Fair Credit Reporting Act, plaintiff, who appears *pro se*, alleges that defendant, a consumer reporting agency, provided an inaccurate background check to a potential employer.  Plaintiff had previously raised a virtually identical suit in the United States District Court for the District of Arizona, which was dismissed after plaintiff was compelled to arbitration.  Defendant now moves to dismiss this suit under the doctrine of collateral estoppel. For the reasons stated below, defendant's motion is GRANTED.

**STATEMENT**

The following facts are taken from the allegations set forth in plaintiff's complaint (Dkt. No. 1).  In August 2019, plaintiff was charged in Maricopa County, Arizona, with certain state crimes related to the illegal distribution of prescription drugs.  In February 2022, plaintiff represented himself in a jury trial and was acquitted of all charges.  Shortly thereafter, plaintiff applied to work for food delivery service UberEats, which requested that plaintiff supply a

1
2
3
4

background check through defendant Checkr Inc.'s reporting service.  Plaintiff alleges that defendant provided an "outdated, inaccurate" report to UberEats that stated that the charges against plaintiff remained pending.  As a result, plaintiff was "denied the opportunity to work for UberEats" (Compl. ¶¶ 6–7, 10, 20–21).

5
6
7
8
9
10

Plaintiff filed suit against defendant in the United States District Court for the District of Arizona on June 27, 2022, raising a claim under the FCRA.  *See Weaver v. Checkr Inc.*, No. C 22-01090 (D. Ariz. filed June 27, 2022) (Judge Susan M. Brnovich).  Plaintiff then filed a virtually identical suit here two weeks later.  Meanwhile, defendant filed a motion to compel arbitration in Arizona.  Plaintiff never responded to the motion.  Judge Brnovich then granted the motion and dismissed the Arizona suit on September 12, 2022 (Dkt. No. 14-5).

11
12
13
14

Defendant now moves to dismiss our suit under the doctrine of collateral estoppel (Dkt. No. 14).  Plaintiff opposes, arguing, in effect, that he never actually litigated against defendant's motion in the Arizona proceeding.  This order follows a round of supplemental briefing and oral argument.

15

**ANALYSIS**

16
17
18
19
20

A party may invoke the doctrine of collateral estoppel to avoid relitigating an issue in a subsequent proceeding when: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 864 (9th Cir. 2021).

21
22
23
24
25
26
27

Here, the issue that defendant seeks to avoid relitigating — whether plaintiff should be compelled to arbitrate — is identical to the issue that was at stake before Judge Brnovich.  The issue was also necessary to decide the merits.  Further, Plaintiff admitted at oral argument that he received notice of defendant's motion when it was filed and had the opportunity to file an opposition brief.  He thus had a "full and fair opportunity" to litigate the issue.  *See Maciel v. Comm'r*, 489 F.3d 1018, 1023 (9th Cir. 2007).  Our only concern, then, is whether the issue was "actually litigated."

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Plaintiff explained at oral argument that he received notice that the Arizona case would

2    be dismissed without prejudice if defendant was not served within ninety days.  He understood

3    that to mean that the case would be dismissed if he did nothing.  He then decided to file in

4    California.  His intent was to abandon his Arizona suit in favor of his suit here.  Defendant,

5    meanwhile, appeared voluntarily in the Arizona proceeding and exercised its right to file a

6    motion to compel arbitration.

7    Plaintiff, however, never communicated his intent with the Arizona district court.  Judge

8    Brnovich then decided the issue without a hearing on account of not receiving opposition

9    papers.  Notably, Judge Brnovich did not merely grant the motion as unopposed, but instead

10   decided the issue on the merits (Dkt. No. 14-5).

11   These circumstances satisfy the "actually litigated" prong of the collateral estoppel test.

12   "[A]n issue is actually litigated when an issue is raised, contested, and submitted for

13   determination."  *Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019).  The *Janjua* decision

14   did not expressly elaborate on whether a decision on an unopposed motion qualifies as

15   "contested" for the purposes of collateral estoppel.  It did, however, suggest that whether an

16   issue is "actually litigated" depends on the circumstances of the case.  *Id.* at 1065 ("[W]hen

17   applying issue preclusion, we have consistently looked to the record of the prior proceeding to

18   determine whether an issue was in fact raised, contested, and submitted for determination.").

19   In *In re Gottheiner*, for example, our court of appeals affirmed the doctrine's application to a

20   decision made on an unopposed motion for summary judgment.  *See* 703 F.2d 1136, 1140 (9th

21   Cir. 1983).  Our court of appeals explained that "some types of judgments are not given

22   collateral estoppel effect because the court did not get the benefit of deciding the issue in an

23   adversarial context" but that collateral estoppel was nonetheless warranted there because the

24   losing party had "actively participated" in the litigation and accordingly "had his day in court."

25   *Ibid.*

26   So too here.  Plaintiff made the decision to initiate a lawsuit in Arizona.  He had notice

27   that defendant had appeared to defend itself and had notice of the motion to compel arbitration.

28   He nonetheless kept defendant and Judge Brnovich in the dark as to his intent to proceed in

1   this district.  As a result, Judge Brnovich issued an order on the merits.  The complaint here is

2   virtually identical to that in Arizona.  Therefore, this Court has no choice but to respect and

3   honor the Arizona judgment, where the arbitration issue was already in hand.

4          This conclusion is consistent with the Restatement (Second) of Judgments, which was

5   cited prominently in the *Janjua* decision.  *See* 933 F.3d at 1066 (citing Restatement (Second)

6   of Judgments § 27, cmt. (d) (1982) ("When an issue is properly raised, by the pleadings or

7   otherwise, and is submitted for determination and is determined, the issue is actually litigated

8   ....")).  This conclusion also aligns with the basic purpose of the doctrine.  *See Montana v. U.S.*,

9   440 U.S. 147, 153–54 (1979) ("To preclude parties from contesting matters that they have had

10  a full and fair opportunity to litigate protects their adversaries from the expense and vexation

11  attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action

12  by minimizing the possibility of inconsistent decisions.").

13         Plaintiff's further arguments made at the motion hearing about prejudice and error should

14  be raised on appeal rather than through a collateral attack here.  Defendant's motion is

15  accordingly **GRANTED**.

16                                        **CONCLUSION**

17         Defendant's motion to dismiss is **GRANTED**.  Plaintiff's motions to amend (Dkt. Nos. 19,

18  24) do not correct the deficiencies identified herein and are therefore **DENIED**.  Plaintiff's

19  motions to compel discovery (Dkt. Nos. 22, 40) and motion to reconsider (Dkt. No. 42) are

20  **DENIED AS MOOT**.  This case is **DISMISSED** without leave to amend.  The clerk shall close the

21  file.

22  **IT IS SO ORDERED.**

23  Dated:   December 27, 2022.

24

25                                      _____
                                         WILLIAM ALSUP
26                                       UNITED STATES DISTRICT JUDGE

27

28

United States District Court
Northern District of California